IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| JOHN THOMAS KLITSCH, II and | : | BANKRUPTCY NO.: 5-17-bk-01298-JJT |
| CHRISTINA KLITSCH, | : | [Doc. #32] |
| DEBTORS | : | |
| | : | |
| IN RE: | : | CHAPTER 7 |
| JAIRO J. LOPEZ, | : | BANKRUPTCY NO.: 5-17-bk-02270-JJT |
| DEBTOR | : | [Doc. #16] |
| | : | |
| IN RE: | : | CHAPTER 7 |
| ERICKA NICOLE MULLIN, | : | BANKRUPTCY NO.: 5-17-bk-02271-JJT |
| DEBTOR | : | [Doc. #20] |
| | : | |
| IN RE: | : | CHAPTER 7 |
| GREGORY J. SHINER, | : | BANKRUPTCY NO.: 5-17-bk-03137-JJT |
| DEBTOR | : | [Doc. #14] |
| | : | |
| IN RE: | : | CHAPTER 7 |
| MELISSA M. VALUKEVICH, | : | BANKRUPTCY NO.: 5-17-bk-03134-JJT |
| DEBTOR | : | [Doc. #24] |
| | : | |
| IN RE: | : | CHAPTER 7 |
| CAROLINE OULD, | : | BANKRUPTCY NO.: 5-17-bk-03143-JJT |
| DEBTOR | : | [Doc. #16] |

************************************************************************

| | | |
|---|---|---|
| WILLIAM G. SCHWAB, TRUSTEE FOR | : | {**Nature of Proceeding**: Motion for Section |
| EACH OF THE ABOVE-NAMED CASES, | : | 105 Sanctions and Disgorge Counsel Fees} |
| MOVANT | : | |
| | : | |
| vs. | : | |
| | : | |
| KEVIN TANRIBILIR, UPRIGHT LAW, | : | |
| JASON R. ALLEN, LAW SOLUTIONS | : | |
| CHICAGO LLC, LAW SOLUTIONS LLP | : | |
| and UPRIGHT LAW LLC, | : | |
| RESPONDENTS | : | |

# **OPINION**

On June 13, 2018, in response to a sanction request, I issued an Opinion

that [Respondents] Tanribilir and Law Solutions Chicago LLC, trading as Upright Law LLC, should be sanctioned for filing three bankruptcy petitions without first securing signatures on those documents from their clients. I find that the

> minimum sanction needed to deter future violations is the imposition of Movant's attorney's fees against Tanribilir and Upright, jointly and severally. Rule 9011 also authorizes the Court to issue directives of a non-monetary nature. In order to prevent further occurrences of the shortcomings evidenced by the proceeding before me, I direct Tanribilir and Upright to prepare a 10 page Memorandum of Law on the necessary elements of Federal Rule of Bankruptcy Procedure 1008 and the penalties possible for a violation of that Rule and circulate same to this bankruptcy judge as well as the 400+ "partners" of Upright Law within 30 days of a final Order. Since I award reasonable attorney's fees to the Trustee [Movant], whose diligence discovered this shortcoming, I will set a hearing in that regard to determine those fees.

*In re Klitsch*, 587 B.R. 287, 295–96 (Bankr. M.D.Pa. 2018).

On July 19, 2018, that hearing was held and was subsequently fully briefed by the parties. At that hearing, the Trustee, William Schwab, testified to several relevant points. With regard to the sanctions motion, all six of the above cases were administered as one electronic file, although there may have been separate management files. (Transcript dated 7/19/2018 at 7, Doc. #64). The time records on that electronic file totaled $38,240.50 and showed out of pocket costs of $2,190.92. (Transcript dated 7/19/2018 at 8-9, Doc. #64). While the Trustee's testimony was somewhat vague, he indicated that about 25% of the total bill, or $9,560.12, was attributable to specific work on the individual cases unrelated to the sanction issue, and 75% was required to be performed regarding the sanction motion regardless of whether he prosecuted one or six cases.[1] This testimony becomes relevant because my opinion concluded that sanctions should issue in only three of the six bankruptcy cases pursued by the Trustee.

The analysis of the amount of attorney fees begins with Rule 9011(c)(2), which reads:

(2) Nature of sanction; limitations

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (A) and (B), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the

---

[1] Without explanation, the Trustee's Brief recalculates this ratio as 80-20. (Case No. 5-17-bk-01298-JJT, Doc. #65 at 13).

violation.
Fed. R. Bankr. P. 9011

      The Rule certainly encourages restraint in any award. "Rule 11 [comparable to Federal Rule of Bankruptcy Procedure 9011] sanctions should not be viewed as a general fee shifting device." *Gaiardo v. Ethyl Corp.*, 835 F.2d 479, 483 (3rd Cir. 1987). I believe that restraint in the context of a successful sanction motion in three of six cases suggests that the attorney fees expended by the Trustee be divided in half since, by his own testimony, they are incapable of being allocated to any individual case. Since the Trustee concluded that 75% of his initial request of $38,240.50 was attributable to the sanction effort, or $28,680.38, and I award 50% of that portion, I grant the Trustee attorney fees of $14,340.19 and expenses of $2,190.92. Implicit in this finding is the reasonableness of rates charged by the Trustee's law firm. To be understood also is that sanctions were denied in three of the six cases and the Respondents have taken steps to remedy the offensive activity of filing unsigned petitions.

      My Order will follow.

By the Court,

John J. Thomas, Bankruptcy Judge (CMP)

Date: October 9, 2018